UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY SAEZ on behalf of himself and all other similarly situated persons, known and unknown,<br><br>   Plaintiff,<br><br>v.<br><br>TIM'S SNOWPLOWING, INC., and TIMOTHY GIBBONS, individually.<br><br>   Defendants. | |

## COMPLAINT AT LAW

Plaintiff, Johnny Saez, on behalf of himself and all other similarly situated persons, known and unknown (the "Plaintiff Class"), by and through their attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendants Tim's Snowplowing, Inc. ("Tim's" or "Company"), and Timothy Gibbons ("Gibbons"), individually, states as follows:

## NATURE OF ACTION

1. Plaintiff brings this lawsuit as a collective/class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat.105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiff and putative members of the Plaintiff Class overtime wages for hours worked in excess of forty (40) per workweek.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      The unlawful employment practices described herein were committed within the State of Illinois at Defendants' facilities in Cook County in Wheeling, Illinois, and in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff, Johnny Saez ("Plaintiff" or "Mr. Saez"), resides in Berwyn, Illinois and is a current employee of Tim's who works as a driver/crew-leader.

5.      Plaintiff 's employment started on or about October 2012.

6.      The Plaintiff Class that Mr. Saez seeks to represent is comprised of similarly situated current and former employees of the Defendants who were not paid overtime wages for hours worked in excess of forty (40) in one workweek, in violation of the FLSA and IMWL.

7.      During the statutory period, Mr. Saez and the putative members of the Plaintiff Class were employed by Defendants as "employees" as defined by the FLSA and IMWL.

8.      During the course of their employment, Mr. Saez and the putative members of the Plaintiff Class were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

9.      Tim's Snowplowing, Inc. is an Illinois corporation engaged in a snowplowing business within this judicial district. It is located at 1622 North Kedzie Avenue, Chicago, Illinois 60647.

10.     Defendant Timothy Gibbons is the owner and/or president of the Company. Defendant Timothy Gibbons has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Company's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

## ACTUAL ALLEGATIONS

11. Plaintiff started his employment with Defendants on or about October 2012 and is a current employee of Defendants.

12. Plaintiff is employed by Defendants as a driver/crew leader.

13. Plaintiff's work is divided between outside the shop, where he works removing snow, and inside the shop, where he does manual work when there is no snow.

14. Defendants pay Plaintiff a regular rate of $18.00 per hour if he works outside, and $10.00 when he works inside.

15. Defendants do not pay Plaintiff at the rate of one and one-half times his regular hourly rate (the "overtime rate") for all the work he performs in excess of forty (40) hours per workweek.

16. Upon information and belief, Defendants compensated the putative members of the Plaintiff Class, including those wrongly classified as independent contractors (hereinafter "employees" or "members of the Plaintiff Class"), in a manner that is the same or similar to the compensation practices described above.

17. Plaintiff and other members of the Plaintiff Class regularly worked in excess of forty (40) hours per workweek.

18. Plaintiff and the members of the Plaintiff Class entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

19. Defendants failed to compensate Plaintiff and members of the Plaintiff Class at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

20. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiff and members of the Plaintiff Class accordingly.

21.     Defendants acted in bad faith in failing to compensate Mr. Saez and members of the Plaintiff class for the work they performed.

22.     This failure to compensate Plaintiff for his work constitutes wage theft, deprives the United States of needed tax revenue, and undermines free enterprise by placing Defendants at an unfair competitive advantage.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action both as an opt-in collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b), and as a class action under the IMWL.

24.     With respect to unpaid overtime wages, the Plaintiff represents, and is a member of, the putative Class defined as follows:

> "All persons within the state of Illinois who (1) were employed by Tim's Snowplowing, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, (3) who were not exempt employees, (4) who at any time worked in excess of forty (40) hours ("overtime") per week, and (5) who were not compensated for their overtime hours at the rate of one and one-half their regular rate of pay."

25.     This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Class is so numerous that joinder of all class members is impracticable. Plaintiff and members of the Plaintiff Class have been equally affected by Defendants' failure to pay overtime and other earned wages.

26.     The Plaintiff Class members still employed by Defendants may be reluctant to file individual claims for fear of retaliation.

27.     Plaintiff satisfies the requirements of Rule 23(b) because the issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class. These common questions of law and fact include, but are not limited to whether Defendants paid Plaintiff and members of the Plaintiff Class at the

applicable rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in individual workweeks.

28. Plaintiff and the Plaintiff Class have a commonality of interest in the subject matter and remedy sought.

29. Plaintiff is able to fairly and adequately represent and protect the interests of the Plaintiff Class.

30. Plaintiff's Counsel is competent and experienced in litigating large wage and hour class action lawsuits.

31. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court, and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

32. Plaintiff and the Plaintiff Class also meet the requirements of Rule 23(c)(4) in that overtime issues alleged by Plaintiff may appropriately be brought and maintained as a class action.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
### (Collective Action against All Defendants)

33. Plaintiff restates and incorporates paragraphs 1 through 32 as though set forth fully herein.

34. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for their failure to pay Plaintiff and all putative members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

35. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff has attached as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

36. Plaintiff and other similarly situated employees who are putative members of the Plaintiff Class were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

37. Defendants failed to pay Plaintiff and putative members of the Plaintiff Class at the overtime rate for all hours worked over forty (40) in a workweek.

38. All past and present employees, including Plaintiff, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied overtime compensation as required by the FLSA.

39. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their company-wide compensation policy and methods of payment utilized to mask the hours Plaintiff and putative members of the Plaintiff Class worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Johnny Saez, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Conditionally certifying this action to proceed as an opt-in collection action under 29 U.S.C. § 216(b);

b) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME**
**(Class Action against All Defendants)**

40. Plaintiff restates and incorporates paragraphs 1 through 32 as though set forth fully herein.

41. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff and putative members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

42. At all relevant times herein, Defendants have been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

43. At all times relevant, Mr. Saez and putative members of the Plaintiff Class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, et seq.

44. Pursuant to the IMWL, for all weeks during which Plaintiff and the putative Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

45. Plaintiff and the putative members of the Plaintiff Class regularly worked in excess of forty (40) hours per workweek.

46. Defendants violated the IMWL by failing to compensate Mr. Saez and the putative Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) hours per work week.

47. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff and putative members of the Plaintiff Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff, Johnny Saez, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or Fed. R. Civ. P. 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*; and

h) Ordering such additional relief as this Court deems just and proper.

| | |
|---|---|
| Dated: February 18, 2015 | Respectfully submitted, |
| Alejandro Caffarelli, #06239078<br>Alexis D. Martin, #06309619<br>Caffarelli & Associates Ltd.<br>224 South Michigan Avenue, Suite 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880 | JOHNNY SAEZ, on behalf of himself and all other similarly situated persons, known and unknown,<br><br>By: /s/ Alejandro Caffarelli<br>    Attorney for Plaintiff |